MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MANUEL ILLESCAS DUTAN, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
|                                 *Plaintiff*, | **COMPLAINT** |

      -against-

                                            **COLLECTIVE ACTION UNDER**

E & M ICE CREAM INC. (D/B/A E & M                             **29 U.S.C. § 216(b)**
ICE CREAM), MIZZLE ICE CREAM, INC.
(D/B/A MIZZLE ICE CREAM, INC.),                                        **ECF Case**
MARTIN KELLY, and MANUEL ORTIZ,

                                  *Defendants.*
-------------------------------------------------------X

        Plaintiff Manuel  Illescas  Dutan ("Plaintiff Illescas " or "Mr. Illescas "), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against E & M Ice Cream Inc. (d/b/a E & M Ice

Cream), Mizzle Ice Cream, Inc. (d/b/a Mizzle Ice Cream, Inc. ), ("Defendant Corporations"),

Martin Kelly and Manuel Ortiz, ("Individual Defendants"), (collectively, "Defendants"), alleges

as follows:

## <u>NATURE OF ACTION</u>

       1.      Plaintiff Illescas is a former employee of Defendants E & M Ice Cream Inc. (d/b/a E

& M Ice Cream), Mizzle Ice Cream, Inc. (d/b/a Mizzle Ice Cream, Inc.), Martin Kelly, and Manuel

Ortiz.

2.      Defendants own, operate, or control a frozen foods distributor, located at 701 Zerega Ave Bronx, NY 10473 under the name "E & M Ice Cream" and at 41 Whipple Street, Brooklyn, New York, 11206 under the name "Mizzle Ice Cream, Inc."

3.      Upon information and belief, individual Defendants Martin Kelly and Manuel Ortiz, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the frozen foods distributors as a joint or unified enterprise.

4.      Plaintiff Illescas was employed as a truck driver's assistant at the frozen foods distributors located at 701 Zerega Ave Bronx, NY 10473 and 41 Whipple Street, Brooklyn, New York, 11206.

5.      At all times relevant to this Complaint, Plaintiff Illescas worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Illescas appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Illescas to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Illescas and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Illescas now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Illescas seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Illescas's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a frozen foods distributor located in this district. Further, Plaintiff Illescas was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Manuel Illescas Dutan ("Plaintiff Illescas" or "Mr. Illescas") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Illescas was employed by Defendants at E&M Ice Cream and Mizzle Ice Cream, Inc.  from approximately 2008 until on or about August 2018.

15.     Plaintiff Illescas consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a frozen foods distributor, located at 701 Zerega Ave Bronx, NY 10473 under the name "E & M Ice Cream" and at 41 Whipple Street, Brooklyn, New York, 11206 under the name "Mizzle Ice Cream, Inc."

17.     Upon information and belief, E & M Ice Cream Inc. (d/b/a E & M Ice Cream) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 701 Zerega Ave Bronx, NY 10473.

18.     Upon information and belief, Mizzle Ice Cream, Inc. (d/b/a Mizzle Ice Cream, Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 41 Whipple Street, Brooklyn, New York, 11206.

19.     Upon information and belief, Mizzle Ice Cream, Inc. (d/b/a Mizzle Ice Cream, Inc.) was operated by E & M Ice Cream Inc. (d/b/a E & M Ice Cream) and Martin Kelly. Defendant Manuel Ortiz, who is listed as the President of Mizzle Ice Cream, Inc. was a truck driver for E & M Ice Cream Inc. Moreover, trucker drivers who were employed by E & M Ice Cream Inc. would fill in for Manuel Ortiz when he was not available to drive the truck. In addition, Defendant Manuel Ortiz would received orders from Martin Kelly and the cash for Plaintiff Illescas's wages from Martin Kelly.

20.     Defendant Martin Kelly is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Martin Kelly is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Martin Kelly possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Illescas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Manuel Ortiz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Manuel Ortiz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation Mizzle Ice Cream, Inc. Defendant Manuel Ortiz possesses operational control over Defendant Corporation Mizzle Ice Cream, Inc., an ownership interest in Defendant Corporation Mizzle Ice Cream, Inc., and controls significant functions of Defendant Corporation Mizzle Ice Cream, Inc. He determines the wages and compensation of the employees of Defendants, including Plaintiff Illescas, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate a frozen foods distributor, with its main headquarters located in in the Castle Hill section of the Bronx.

23.     Individual Defendants, Martin Kelly and Manuel Ortiz, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Illescas's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Illescas, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Illescas (and all similarly situated employees) and are Plaintiff Illescas 's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Illescas and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants Martin Kelly and Manuel Ortiz operate Defendant Corporations as either alter egos of  themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Illescas's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Illescas, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Illescas's services.

30.     In each year from 2013 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the frozen foods distributors on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Illescas is a former employee of Defendants who was employed as a truck driver's assistant. Plaintiff Illescas seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Manuel Illescas Dutan*

33.     Plaintiff Illescas was employed by Defendants from approximately 2008 until on or about August 2018.

34.     Defendants employed Plaintiff Illescas as a truck driver's assistant.

35.     Plaintiff Illescas regularly handled goods in interstate commerce, such as frozen foods and other supplies produced outside the State of New York.

36.     Plaintiff Illescas's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Illescas regularly worked in excess of 40 hours per week.

38.     From approximately September 2013 until on or about March 2017, Plaintiff Illescas worked from approximately 7:00 a.m. until on or about 5:00 p.m. to 7:00 p.m., Mondays, Tuesdays, Thursdays and Fridays and from approximately 7:00 a.m. until on or about 3:00 p.m., on Wednesdays  (typically 52 hours per week).

39.     From approximately March 2017 until on or about August 2018, Plaintiff Illescas worked from approximately 6:30 a.m. until on or about 5:30 p.m. to 6:00 p.m., 5 days per week (typically 55 to 57.5 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Illescas his wages in cash.

41.     From approximately September 2013 until on or about March 2017, Defendants paid Plaintiff Illescas a fixed salary of $500 per week.

42.     From approximately March 2017 until on or about August 2018, Defendants paid Plaintiff Illescas a fixed salary of $600 per week.

43.     Plaintiff Illescas's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44.     For example, Defendants required Plaintiff Illescas to work an additional 1 hour to 2 hours past his scheduled departure time regularly, and did not pay him for the additional time he worked.

45.     Defendants never granted Plaintiff Illescas any breaks or meal periods of any kind.

46.     Plaintiff Illescas was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Illescas regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Illescas an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Illescas of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Illescas (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

51.     Plaintiff Illescas was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.     Defendants' pay practices resulted in Plaintiff Illescas not receiving payment for all his hours worked, and resulted in Plaintiff Illescas 's effective rate of pay falling below the required minimum wage rate.

53.     Defendants habitually required Plaintiff Illescas to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

54.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55.     Defendants paid Plaintiff Illescas his wages in cash.

56.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Illescas (and similarly situated individuals) worked, and to avoid paying Plaintiff Illescas properly for his full hours worked.

58.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Illescas and other similarly situated former workers.

60.     Defendants failed to provide Plaintiff Illescas and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61.     Defendants failed to provide Plaintiff Illescas and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62.      Plaintiff Illescas brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63.     At all relevant times, Plaintiff Illescas and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

64.     The claims of Plaintiff Illescas stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65.     Plaintiff Illescas repeats and realleges all paragraphs above as though fully set forth herein.

66.     At all times relevant to this action, Defendants were Plaintiff Illescas's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Illescas (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69.     Defendants failed to pay Plaintiff Illescas (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70.     Defendants' failure to pay Plaintiff Illescas (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71.     Plaintiff Illescas (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72.     Plaintiff Illescas repeats and realleges all paragraphs above as though fully set forth herein.

73.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Illescas (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74.     Defendants' failure to pay Plaintiff Illescas (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Illescas (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76.      Plaintiff Illescas repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Illescas's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Illescas, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Illescas less than the minimum wage.

79.     Defendants' failure to pay Plaintiff Illescas the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80.     Plaintiff Illescas was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

81.     Plaintiff Illescas repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Illescas  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Illescas overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Illescas was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

85.     Plaintiff Illescas repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants failed to provide Plaintiff Illescas with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

87.     Defendants are liable to Plaintiff Illescas in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

88.     Plaintiff Illescas repeats and realleges all paragraphs above as though fully set forth herein.

89.     With each payment of wages, Defendants failed to provide Plaintiff Illescas with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

90.     Defendants are liable to Plaintiff Illescas in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Illescas respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Illescas and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Illescas and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Illescas's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Illescas and the FLSA Class members;

(f)     Awarding Plaintiff Illescas and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Illescas and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Illescas;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Illescas;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Illescas's compensation, hours, wages and any deductions or

credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Illescas;

(l)     Awarding Plaintiff Illescas damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(m)     Awarding Plaintiff Illescas damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Illescas liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Illescas and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Illescas and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Illescas  demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 19, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

September 5, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Manuel  Illescas  Dutan

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       5 de Septiembre 2019

*Certified as a minority-owned business in the State of New York*