# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

CTucker@faillacelaw.com

March 3, 2020

**VIA ECF**
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:      <u>Illescas Dutan et al v. E & M Ice Cream Inc. et al</u>
      CASE #:      1:19-cv-08701-KPF

Your Honor:

      This office represents Plaintiff in the above captioned matter. We write to respectfully request that the Court approve the parties' settlement of the above-referenced matter.

      The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions before mediation. The Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v</u>. <u>Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

### I. Background

      Plaintiff Illescas alleged that Defendants employed him as a truck driver's assistant from approximately 2008 until on or about August 2018. Plaintiff Illescas further alleged that he worked approximately 52 to 57.5 hours per week and was paid a fixed salary of $500 and later $600 per week in cash.

      Plaintiff Illescas brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and Miscellaneous Industries and Occupations Wage Orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-1.1 *et seq.*

Defendants E&M Ice Cream Inc. and Martin Kelly denied that Plaintiff was their employee and produced contract documents with independent route delivery contractor (i.e. independent contractor) Defendants Mizzle Ice Cream, Inc. and Manuel Ortiz in support of the position. Defendants Mizzle Ice Cream, Inc. and Manuel Ortiz disputed the number of hours alleged and argued persuasively that they are unable to pay a significant judgment.

## II. Settlement

The parties have agreed to settle this action for the total sum of $40,000.00, which will be paid as outlined in **Exhibit A**. $26,406.04 of the settlement amount will be paid to the Plaintiff. The remaining amount of $13,593.96 will be applied to attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or

2

collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff estimated that, in the best case scenario, he would be entitled to $41,315.63 in unpaid wages and overtime damages. Plaintiff was represented by counsel throughout this lawsuit and made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of trial. The settlement mitigates against the risk that Defendants E&M Ice Cream Inc. and Matin Kelly are determined not to have been his employers under the contracts maintained with independent route delivery drivers and that Defendants Mizzle Ice Cream, Inc. and Manuel Ortiz are unable to afford to pay a significant judgment. Furthermore, the Settlement Agreement is the product of arm's-length bargaining between experienced counsels and there is no possibility of fraud or collusion as the Parties settled after extensive negotiations.

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $13,593.96 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation. The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. See Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"); Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (one-third attorney fee is typical with no requirement for a lodestar cross check); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the

attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted).

Plaintiffs' attorneys' lodestar amount is costs of $588.00 and attorneys' fees of $8,420.50, for a total of $ 9,008.50. Plaintiffs' attorneys' billing records are annexed as **Exhibit B**. The amount provided by Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience)

- Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $350.00. Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 actions from intake to verdict. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics. He licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts. The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g., Manley, supra, Doc. No. 42, at *33, 37.

- Joshua Androphy is a senior attorney at Michael Faillace & Associates. Androphy graduated from Columbia Law School in 2005, where he was a Harlan Fiske Stone Scholar and a managing editor for the Columbia Journal of Law and Social Problems. Following law school, Androphy worked as an associate at Olshan Frome Wolosky LLP, practicing commercial and employment litigation for seven years. Androphy joined Michael Faillace &Associates, P.C. in 2012 and has litigated more than one hundred employment actions, including over 20 trials. Androphy has been recognized as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018. His work is billed at the rate of $400 per hour and indicated by the initials "JA."

- Paralegals at Michael Faillace & Associates, P.C. are billed at a rate of $100 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

## IV. CONCLUSION

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

We thank the Court for the time and attention devoted to this matter.

Respectfully submitted,

By:    /s/ Michael Faillace
      Michael Faillace, Esq.